

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| JAMES BELMONT, JOHN R. MIMICK and MARY T. MIMICK, and DENNEY & DENNEY CAPITAL, LLLP, on behalf of themselves and others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>BP AMERICA PRODUCTION COMPANY,<br><br>Defendant. | Case No: 13-CV-63 |

## INITIAL PRETRIAL ORDER

On September 5, 2013, the Honorable Nancy D. Freudenthal District Judge for the District of Wyoming held an initial pretrial conference in the above-entitled matter. Counsel participating were Joseph Gunderson O'Kelley Pearson and Paul Gwilt for Plaintiffs and Kendra Beckwith, Patrick Day and Tamera Westerberg for Defendant.

**Jurisdiction and Venue —**

The Court has jurisdiction over both the parties and the subject matter of this action, and venue is properly in the United States District Court for the District of Wyoming. Proper service

1



of process has been accomplished on all parties, and no parties are erroneously joined in or omitted from the action.

**Consent to Trial by Magistrate Judge —**

The parties are all aware of the provisions of 28 U.S.C. § 636(c) and U.S.D.C.L.R. 73.1(b), and acknowledge that this case will proceed before the District Judge assigned hereto, and not before the Magistrate Judge located in Cheyenne, Wyoming. However, the parties are not precluded from consenting to trial before a Magistrate Judge anytime sixty (60) days prior to the trial date.

**Claims and Defenses —**

Plaintiffs James Belmont, John R. Mimick and Mary T. Mimick and Denny & Denney Capital, LLLP on behalf of themselves and all others similarly situated (collectively "Plaintiffs") allege they are owed Royalties from Defendant BP America Production Company ("BP") under Leases in Wyoming from which Gas, NGLs and Condensate have been produced by BP. BP is responsible for the proper determination, calculation, distribution and payment of Royalties due and owing to Plaintiffs on Gas, NGLs and Condensate produced by BP in Wyoming. Plaintiffs bring claims for 1. Breach of Lease; 2. Violation of the Wyoming Royalty Payment Act; 3. Accounting; 4. Conversion; and 5. Breach of the Madsen Settlement Agreement.

Specifically, Plaintiffs allege BP has breached the Leases and the Madsen Settlement Agreement. BP agreed to pay Royalties to Plaintiffs based upon "Realized Proceeds less Permitted Deductions" as defined in the Madsen Settlement Agreement (MSA ¶2.4.1.1). Plaintiffs allege BP has failed to do so. In addition, Plaintiffs assert the following:

1. BP's Weighted Average Sales Price ("WASP") calculation does not reflect proceeds actually received by the Defendant (MSA ¶2.4.1.2);

2. The transportation costs deducted from the Plaintiffs' Royalties are not "reasonable and actual direct" costs or are otherwise improper (MSA, Ex. M-1);

3. BP has failed to report or pay royalties on condensate sale (MSA ¶2.4.1.3);

4. BP improperly deducts production costs for NGLs and condensate (MSA ¶2.6.1);

5. BP has failed to provide required notices to Plaintiffs regarding "changes in a Demarcation Point and/or Proposed Permitted Deduction, together with summaries of the contract terms affecting the same; and . . . a representation that such changes are believed to be consistent with [Madsen Settlement Agreement] (MSA ¶2.5.3.2);

6. BP pays royalties on a lower percentage of the gas and NGLs produced from wells than other working interest owners;

7. BP recoups ad valorem taxes in excess of taxes actually due; and

8. BP's deductions for costs of production violate the Wyoming Royalty Payment Act.

Defendant BP generally denies the allegations and asserts that Plaintiffs' claims, as presently plead, are an improper and legally unfounded effort to certify alternative classes. BP also alleges that Plaintiffs assert contradictory and inconsistent claims for breach of the Madsen Settlement Agreement, breach of disparate lease agreements, breach of a state statutory scheme, and common law tort liability. BP argues that it is improbable that Plaintiffs could satisfy the commonality and predominance factors necessary to certify such a class. BP asserts that Plaintiffs are required to ascertain the direction in which they intend to steer this putative class action before this case proceeds beyond the limited scope presently at issue by the Court's Order.

BP also argues that Plaintiffs' First, Second and Fourth claims are barred by the Madsen Settlement Agreement and that the Madsen Settlement Agreement was intended to limit any future claims with regard to the payment, valuation, and reporting of royalties exclusively to claims for breach of the agreement and a related accounting claim. BP asserts that it has not breached the Madsen Settlement Agreement and that Plaintiffs have not been damaged by any immaterial breach of that agreement.

Defendant affirmatively alleges: 1) Plaintiffs' Complaint fails to state a claim upon which relief can be granted; 2) Plaintiffs' claims are not suitable for class certification; 3) Plaintiffs' claims are barred in whole or in part, because BP paid royalties in accordance with its contractual obligations, including executed leases, division and transfer orders, and the Madsen Settlement Agreement; 4) Plaintiffs' claims are barred, in whole or in part, because BP was acting in good faith and in accordance with the law at all times relevant to the claims asserted; 5) Plaintiffs' claims are barred by the statute of limitations; 6) Plaintiffs' claims are barred, in whole or in part, by the doctrine of waiver; 7) Plaintiffs' claims are barred, in whole or in part, by the doctrine of estoppel; 8) Plaintiffs' claims are barred, in whole or in part, by payment and

acceptance; 9) Plaintiffs' claims are barred, in whole or in part, because Plaintiffs gave their consent, express or implied, to any and all acts, omissions, and any and all relevant conduct by BP; 10) Plaintiffs' request for an accounting is barred by their failure to make a proper and timely demand; 11) Plaintiffs' request for an accounting is barred by the doctrine of laches; 12) Plaintiffs' request for an accounting is barred by the existence of contracts which provide the bargained-for remedy, if any; 13) Plaintiffs have no private right of action to assert violations of the Wyoming Royalty Payment Act or any other statutes; 14) Plaintiffs lack standing or authority to sue on behalf of predecessors in interest; 15) Plaintiffs' claims are barred, in whole or in part, by the doctrines of collateral estoppel and res judicata; 16) Plaintiffs' claims are barred, in whole or in part, by accord and satisfaction; 17) Plaintiffs' claims are barred, in whole or in part, by the doctrine of release; 18) As construed by Plaintiffs, the WRPA violates the Wyoming Constitution and United States Constitution in that it is unduly vague and ambiguous; 19) As construed by Plaintiffs, the WRPA unconstitutionally impairs and interferes with the obligations of contracts; 20) The penalty requirements of the WRPA, if applied against BP in the manner contended by Plaintiffs, are unconstitutionally vague and violate due process principles and could be assessed in such a way as to violate the prohibition of excessive fines in both the Wyoming Constitution and the United States Constitution.

**Complexity of the Case —**

The Judge is of the opinion that this is a complex case.

**Rule 26(f) Scheduling Conference and Scope of Phase I discovery —**

The parties have complied with the requirements of Rule 26(f) of the Federal Rules of Civil Procedure. The parties assert that a three phase discovery plan is appropriate in this case. The parties generally agree that Phase I should address discovery as to the interpretation of the

Madsen Settlement Agreement's release provisions. The parties also agree that Phase I discovery may include discovery intended to identify those putative class members with leases/wells that may not be covered by the Madsen Settlement Agreement and the volumes produced from such leases/wells. Beyond that, the parties disagree about the scope of Phase I discovery. Plaintiffs propose that discovery should proceed on a class-wide basis regarding whether Defendant has complied with its obligations under the Madsen Settlement Agreement, which should extend to all BP's operations in Wyoming that are covered by the Agreement. Defendant proposes the parties assume, for this initial stage only, that Plaintiffs have been damaged by a substantial and material breach of the Madsen Settlement Agreement,[1] and that discovery then should be limited to (1) the intended remedy for breach of the Madsen Settlement Agreement and (2) the intent and meaning of its release provision. Essentially, BP argues that the first step is to determine whether the Madsen Settlement Agreement represents a binding contract that remains in place until there has been an adjudicated breach, or whether the language of the Madsen Settlement Agreement allows Plaintiffs to terminate the Agreement and retroactively impose separate obligations. BP asserts that Phase I discovery should be limited to a determination of the intended remedy for breach of the Madsen Settlement Agreement and the intent and meaning of its release provision.

    The posture of this case presents unique and difficult issues in terms of setting a discovery schedule that makes sense and does not lead to unnecessary delays in this case. After carefully considering this matter, the Court agrees with BP that Phase I should be limited to a determination of intent of the Agreement, rather than a determination of whether, and to what

---

[1] Defendant disagrees with this assumption and agrees that it is made only for this initial phase of discovery. Defendant expressly reserves its right to seek full discovery on this issue and argue to the contrary at a later, more appropriate time in the case.

extent, BP has complied with the Madsen Settlement Agreement. The first question for the Court to resolve in this case has to be the status of the Madsen Settlement Agreement, including the intended effect of the release provisions and intended remedy for broach.

Therefore Phase I discovery in this case will be limited to the original parties and drafters' intent and meaning with respect to the remedy for breach of the Madsen Settlement Agreement and the effect of the release provision contained in Paragraph 2.13. Given the limited nature of Phase I, discovery shall be limited to seven oral depositions (subject to the time limits set forth in the parties' Rule 26(f) Report) and 20 request for production, twenty interrogatories, and thirty requests for admissions.

Given the very limited nature of the first phase of discovery, the Court does not believe that the amount of time to accomplish this discovery as set forth in the parties' Rule 26(f) Report is necessary. Therefore the Court will order that Phase I discovery shall be concluded by January 17, 2014. The parties shall file any dispositive motions on or before January 31, 2014. Responses are due February14, 2014. The Court will hold a hearing on any motions March 7, 2014 at 9:00 a.m.

**Self-Executing Routine Discovery —**

The parties have complied with self-executing routine discovery exchange as required by U.S.D.C.L.R. 26.1(c).

**THE PARTIES HAVE A CONTINUING DUTY TO SUPPLEMENT OR CORRECT ALL DISCOVERY DISCLOSURES OR RESPONSES IN ACCORDANCE WITH FED. R. CIV. P. 26(a) AND U.S.D.C.L.R. 26.1(c).**

**Proposed Orders —**

All proposed orders regarding non-dispositive civil motions should be submitted to Judge Rankin's chambers in a word processing format and emailed to wyojudgekhr@wyd.uscourts.gov.

All proposed orders regarding dispositive civil motions should be submitted to Judge Freudenthal's chambers in a word processing format and emailed to wyojudgendf@wyd.uscourts.gov.

**Leave of Court —**

The Plaintiffs are hereby granted leave of Court to amend the pleadings or add additional parties on or before November 18, 2013.

**Attorneys' Time and Expense Records -**

1. Maintenance of Contemporaneous Records. All counsel shall keep a daily record of their time spent and expenses incurred in connection with this litigation, indicating with specificity the hours, location, and particular activity (such as "conduct of deposition of A.B."). The failure to maintain such records will be grounds for denying court-awarded attorney fees, as will an insufficient description of the activity (such as "research" or "review of correspondence").

2. Filing. By the fifteenth day of each month, each firm that may seek an award (or approval) of a fee by the court shall file under seal with the clerk a report summarizing, according to each separate activity, the time and expenses spent by its members or associates during the preceding month (and the ordinary billing rates of such attorneys in effect during the month) and the accumulated total of the firm's time, hourly rates, and expenses to date.

**Dispositive Motions (Phase I) — Hearing March 7, 2014 at 9:00 a.m.**

      **Deadline January 31, 2014; Responses February 14, 2014**

      The deadline for the parties to file all dispositive motions related to the original parties and drafters' intent and meaning with respect to the remedy for breach of the Madsen Settlement Agreement and the effect of the release provision contained in Paragraph 2.13, together with briefs and affidavits in support thereof is January 31, 2014.

      The parties shall file responsive briefs and affidavits on or before February 14, 2014.

      If the dispositive motions are filed earlier than the above scheduled date, the responding party must respond in accordance with U.S.D.C.L.R. 7.1.

      **Parties submitting deposition testimony in support of their motions shall also provide to the Court via email to wyojudgendf@wyd.uscourts.gov, the e-transcript version of the deposition provided to the parties by the Court Reporter.**

      The dispositive motions are hereby set for oral hearing before the Honorable Nancy D. Freudenthal on March 7, 2014, at 9:00 a.m. in Cheyenne, Wyoming. **The parties shall strictly comply with all provision of U.S.D.C.L.R. 7.1. Counsel for the parties shall submit to the Court, together with their briefs, proposed findings of fact and conclusions of law and orders supported by the record which reflects the position of the parties to be taken at the hearing. [U.S.D.C.L.R. 7.1(b)(2)(D)].**

**Expert Witness Designation (Phase I) —**

      **Plaintiff Designation Deadline — January 3, 2014**

      **Defendant Designation Deadline — January 3, 2014**

      In accordance with U.S.D.C.L.R. 26.1(g), the parties shall designate expert witnesses and provide the opposing with a complete summary of the testimony of each expert by January 3,

2014. These summaries **SHALL** include a comprehensive statement of the expert's opinions and the basis for the opinions. *See Smith v. Ford Motor Company*, 626 F.2d 784 (10th Cir. 1980). This expert designation does not satisfy the obligation to provide an expert report under Federal Rule of Civil Procedure 26(a)(2)(B).

The party designating the expert witness shall set forth all special conditions or requirements which the designating party or the expert witnesses will insist upon with respect to the taking of their depositions, including the amount of compensation the expert witness will require and the rate per unit of time at which said compensation will be payable. In the event counsel is unable to obtain such information to include in the designation, the efforts to obtain the same and the inability to obtain such information shall be set forth in the designation. U.S.D.C.L.R. 26.1(g).

**Discovery Cutoff Date (Phase I) — January 17, 2014,**

The discovery cutoff date is January 17, 2014. All written discovery requests shall be served upon and received by opposing counsel on or before the discovery cutoff date. All discovery depositions shall be completed by the discovery cutoff date.

Dated this _16_ day of October, 2013.

NANCY D. FREUDENTHAL
CHIEF UNITED STATES DISTRICT JUDGE

10